UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                         CIVIL ACTION

VERSUS                                           NO: 98-158-004

TERRY ROLIN ENGLAND                              SECTION: J

## ORDER AND REASONS

Before the Court is Petitioner Terry Rolin England's *Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense* **(Rec. Doc. 713)**, which the Court re-characterized as a first 28 U.S.C. § 2255 habeas petition**(Rec. Doc. 719)**, as well as Petitioner's amendment to that motion **(Rec. Doc. 723; *see* Rec. Doc. 724)**. Also before the Court is the Government's *Opposition* to Petitioner's habeas petition **(Rec. Doc. 725)** and Petitioner's *Reply* to the Government **(Rec. Doc. 735)**. For the reasons expressed below, the Court finds that Petitioner's § 2255 habeas petition should be **DISMISSED WITH PREJUDICE.**

## PROCEDURAL AND FACTUAL BACKGROUND

On March 31, 1999, Petitioner pled guilty to Count Four of the *Superceding Indictment*, pursuant to a plea agreement **(Rec. Doc. 284)**. Count Four charged Petitioner with possession with intent to distribute cocaine hydrochloride **(Rec. Doc. 33)**. The Court accepted Petitioner's guilty plea only after he verified under oath in open court the truth of the matters set forth in

the *Factual Basis* **(Rec. Doc. 415)**. The *Factual Basis* clearly stated that Petitioner participated in a transaction involving one kilogram of cocaine hydrochloride **(Rec. Doc. 280)**. Under Petitioner's plea agreement, prepared in accordance with *Bryan v. United States*, Petitioner specifically waived his right to contest his sentence under 28 U.S.C. § 2255 **(Rec. Doc. 281)**.

According to the Pre-sentence Report, Petitioner was subject to a maximum term of imprisonment of forty (40) years and a minimum term of imprisonment of five (5) years, and his sentencing guideline range was 324-405 months imprisonment. On September 15, 1999, the Court sentenced Petitioner to a term of 262 months imprisonment, a sentence that was sixty-two (62) months below the guideline range.

## **PARTIES' ARGUMENTS**

Petitioner argues that he is entitled to immediate release from federal custody because the Court illegally sentenced him to a term of imprisonment exceeding the statutory minimum of five (5) years. Petitioner believes that his argument is supported by *Alleyne v. United States*, 133 S. Ct. 2151 (2013), where the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an element of the crime that must be submitted to a jury. *Alleyne*, 133 S. Ct. at 2155. Petitioner also maintains that *Alleyne* applies retroactively to his case.

The Government argues that Petitioner is barred from bringing a § 2255 habeas petition because he waived his right to do so in his plea agreement. Additionally, the Government argues that *Alleyne* does not apply retroactively, and even if it did, the *Alleyne* rule does not benefit Petitioner because his mandatory minimum sentence was never increased.

## DISCUSSION

The Court agrees with the Government that Petitioner waived his right to bring a § 2255 habeas petition in his plea agreement. Additionally, the Court finds that *Alleyne* does not apply retroactively to Petitioner's case because his case had become final before *Alleyne* was decided. *See Teague v. Lane*, 489 U.S. 288, 305-07 (1989). Further, even if *Alleyne* were retroactively applicable to this case, the *Alleyne* rule would not benefit Petitioner because the Court did not increase the mandatory minimum sentence in Petitioner's case. At all times, the mandatory minimum was five (5) years imprisonment, and the mandatory maximum was forty (40) years imprisonment. The Court sentenced Petitioner to a term of 262 months imprisonment, or approximately twenty-two (22) years, which was actually below the sentencing guideline range.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's § 2255 habeas

petition **(Rec. Docs. 713 & 723)** is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 6th day of February, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE